**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OLYMPIC AND
PARALYMPIC COMMITTEE,

              Plaintiff,

     v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

              Defendants.

Case No.: 1:24-cv-08632

Hon. LaShonda A. Hunt

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff United States Olympic and Paralympic Committee (the "USOPC" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and USOPC having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; USOPC having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, USOPC has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of USOPC's federally registered trademarks, which are protected by U.S. Trademark Registration Nos. 968,566; 2,455,565; 2,774,352; 2,777,890; 3,848,800; 4,368,709; 4,368,710; 4,368,711; 4,368,713; 4,368,714; 4,372,689; 4,662,320; 4,841,553; 4,867,243; 4,867,244; 5,216,935; 5,743,425; 5,802,984; 6,050,531; and 6,383,408 (collectively, the "Olympic Trademarks") to residents of Illinois. In this case, USOPC has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using counterfeit versions of the Olympic Trademarks. *See* Docket No. [22], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Olympic Trademarks.

This Court further finds that Defaulting Defendants are liable for violation of the Ted Stevens Olympic and Amateur Sports Act (36 U.S.C. § 220506), willful federal trademark

infringement and counterfeiting (15 U.S.C. § 1114), and false designation of origin (15 U.S.C. § 1125(a)).

Accordingly, this Court orders that USOPC's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Olympic Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine USOPC product or not authorized by USOPC to be sold in connection with the Olympic Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine USOPC product or any other product produced by USOPC, that is not USOPC's or not produced under the authorization, control, or supervision of USOPC and approved by USOPC for sale under the Olympic Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of USOPC, or are sponsored by, approved by, or otherwise connected with USOPC; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for USOPC, nor authorized by USOPC to be sold or

offered for sale, and which bear any of USOPC's trademarks, including the Olympic Trademarks, or any reproductions, counterfeit copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Walmart Inc. ("Walmart") (the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the Olympic Trademarks; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Olympic Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine USOPC product or not authorized by USOPC to be sold in connection with the Olympic Trademarks.

3. Upon USOPC's request, those with notice of this Order, including the Third Party Provider as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Olympic Trademarks.

4. Pursuant to 15 U.S.C. § 1117(c)(2), USOPC is awarded statutory damages from each of the Defaulting Defendants in the amount of five thousand dollars ($5,000) for willful use

of counterfeit Olympic Trademarks on products sold through at least the Defendant Internet Stores.

5.    Any Third Party Providers holding funds for Defaulting Defendants, including Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6.    All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Walmart, are hereby released to USOPC as partial payment of the above-identified damages, and Third Party Providers, including Walmart, are ordered to release to USOPC the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7.    Until USOPC has recovered full payment of monies owed to it by any Defaulting Defendant, USOPC shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8.    In the event that USOPC identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, USOPC may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Corrected Exhibit 2 to the Declaration of Jay Harvey Paragoso and any e-mail addresses provided for Defaulting Defendants by third parties.

9.    The five thousand dollar ($5,000) surety bond posted by USOPC is hereby released to USOPC or Plaintiff's counsel, Keith Vogt, Ltd., 33 West Jackson Boulevard, #2W

Chicago, Illinois 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to USOPC or Plaintiff's counsel.

This is a Default Final Judgment.

Dated: 11/14/2024                    ENTERED:


LaShonda A. Hunt
United States District Judge

## First Amended Schedule A

| No. | Defendants |
|-----|------------|
| 1 | iqin |
| 2 | Jiajia Department Store |
| 3 | LiJiaQiWireless |
| 4 | lingchuanchuanhuo |
| 5 |  |